## P. A. Stout, Appellee, v. Strait Coal Company, Appellant.

NEGLIGENCE—*what essential to establish liability.* A defendant charged with negligence is only liable for those consequences which

might have been reasonably foreseen and expected as a result of the act complained of.

Action in case for personal injuries. Appeal from the Circuit Court of Perry county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1910. Reversed with finding of facts. Opinion filed August 5, 1910.

**Statement by the Court.** This was an action to recover damages for an injury sustained by appellee caused by an alleged wilful failure on the part of appellant to comply with one of the provisions of the act in relation to mines and miners. There was a judgment in favor of appellee for the sum of $400.

The declaration charged appellant with operating a coal mine at which it had an engine, drum, cables and other appliances, used for the purpose of hoisting coal, which were insufficient for the purpose; that frequently when a car of coal was being hoisted to the top it would stop short of the point where it was to be dumped and thereby the engineer was unable to know at what point such car was stopped, and sometimes had to further hoist the car before it could be dumped, and thereby such car was likely to be moved when the top men were undertaking to dump it and injury result; that this was an unsafe and dangerous condition which appellant could have known by complying with the statute in relation to the examination of mines; that the mine examiner wilfully failed to examine said appliances and to post danger signals thereat and report his findings in a book kept for that purpose by means whereof while appellant was hoisting a car of coal by means of said cage, engine and appliances said cage stopped at the point where it was to be dumped, and the engineer by reason of the insufficient appliances not knowing where the cage had stopped, proceeded to further hoist the cage and while doing so it tipped forward upon appellee who was in the employ of appellant as a dumper and injured him.

There was no conflict in the evidence. At the time of the accident appellee had been employed at a mine about the

top as a dumper and trimmer several months. In such capacity he assisted in running the loaded boxes off the cage which were hoisted from the bottom of the shaft. The boxes were three and one-half feet square and about two feet deep and when loaded held about 1750 pounds of coal. The boxes were hoisted by means of an engine operated by an engineer in an engine house about fifty feet from where the boxes were run off the cage. The boxes were pulled off the cage by a hook which the dumper would insert in the draw bar of the box. The loaded box rested on a track on the cage of the same size as the track upon the platform, and when the cage reached the top the engineer would raise it far enough, so that certain appliances called knees attached to timbers extending across the sides of the shaft, would adjust themselves beneath the cage so the cage would rest upon them. When the cage rested upon the knees it was the purpose that it should then be in proper position for the box to be pulled off the cage by the dumpers. Sometimes by reason of some defective condition the cage would, when landed, be an inch or two too low for the box to be run off the tracks on the cage to the tracks on the platform. When this happened the men dumping would call to the engineer to "hoist a little" and he would hoist to the proper level. This condition of having to hoist to a proper level occurred frequently, but at other times the cage would land right, and there was no difficulty in running the box of loaded coal off onto the tracks on the platform. Unless the cage did land right the box could not be pulled off on to the platform tracks.

At the time of appellee's injury he was assisting Reuben Cressy in pulling the boxes off the cage. A loaded box of coal had been hoisted to the top and the cage had landed upon the knees. Appellee and Cressy were pulling off the box and had it partly off when a driver below (the shaft being about 85 feet deep) hallooed up to the men on top, and the engineer hearing it and mistaking it for a call from the top to lift the cage a little, he applied the steam and lifted the cage while the men were pulling the box off. The result of lifting the cage at that particular time was that the

box of loaded coal was turned over on the platform upon the leg and ankle of appellee and he suffered a sprained ankle.

W. O. EDWARDS, for appellant.

WEBB & WEBB and A. R. DRY, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

The breach of duty averred in the declaration is that the mine examiner wilfully failed to examine the defective appliance complained of, post danger signals thereat and report his finding in a book kept for that purpose. Before the appellee could recover under this declaration he should prove the wilful failure averred was the proximate cause of the injury.

It is undisputed the injury to appellee was not occasioned by any defect in the cage. The defective working of the cage which sometimes occurred and which required the engineer to "hoist a little" upon signal, was not present at the time. There is not only no evidence of such defective condition at that time but all the evidence shows the cage was at the proper place, and the car or box was being pulled off on to the platform and was partly off when the engineer by a mistaken supposition that he had been signalled to raise it started the engine which resulted in overturning the box. The mistake of the engineer was the direct cause, and can it be said the act of the engineer was a consequence which followed in unbroken sequence, the failure of the mine examiner to put danger signals at the place, and report his finding.

The rule announced by elementary writers and by repeated decisions is that "Every defendant shall be held liable for all those consequences which might have been foreseen and expected as the result of his conduct but not for those which he could not have foreseen and was therefore under no moral obligation to take into consideration." Parsons on Cont. Vol. 2, page 456, 1st Ed.; Fent et al. v. R. W. Co., 59 Ill. 349; Shugart v. Egan, 83 id. 56; Schmidt v. Mitch-

ell, 84 id. 195; Braun v. Craven, 175 id. 401; Landgraf v. Kuh, 188 id. 484. "This is not to be understood as requiring that the *particular result* might have been foreseen for if the consequences follow in unbroken sequence from the wrong to the injury without an intervening efficient cause it is sufficient if at the time of the negligence the wrongdoer might by the exercise of reasonable care have foreseen that some injury might result from his negligence." "If therefore the wrong of appellant put in motion the destructive agency and the result is directly attributable thereto and there was no intervention of a new force or power sufficient to stand as the cause of the mischief the negligence of appellant must be considered the proximate cause of the injury if it could be foreseen by the exercise of ordinary care that injury might or would result from the negligence." Pullman Palace Car Co. v. Laack, 143 Ill. 242. There is no rule in the application of which more difficulty lies in determining when the cause of an injury is to be considered as proximate or remote.

Without recurring to a discussion of the evidence which would be but a mere repetition we are of opinion the evidence in this case clearly shows the act of the engineer and the resulting injury were not a consequence which might have been foreseen and expected as a result of the wilful failure of the mine examiner as charged in the declaration, and that the act of the engineer in hoisting the cage was the intervention of a new force sufficient to stand as the cause of the accident, and we reach this conclusion after a careful consideration of the evidence which tends to show that the occasional defective condition of the cage occasioned signals to the engineer to "hoist it a little" and that such signals to hoist might have been obviated, if the cage had been in such perfect condition no signals to hoist would have been required.

We find the wilful failure of appellant to comply with the mining act as charged in the declaration was not the proximate cause of appellee's injury and the judgment is reversed with such finding of facts.

*Reversed with finding of fact.*